## WILLIAM W. KENT *vs.* JACOB L. BORNSTEIN.

One who is simply employed to sell goods and pay over to his employer the money received from the sales has no authority to exchange such money with a third person; and if he does so, and receives in exchange a counterfeit bill, he may maintain an action in his own name to recover back the money paid out by him for it; and it is not necessary, before inging such action, to offer to return the counterfeit bill.

CONTRACT brought to recover back the sum of fifty dollars, paid by the plaintiff to the defendant in exchange for a fifty dollar counterfeit bill.

At the trial in the superior court, before *Lord,* J., without a jury, it appeared that a deputy sheriff, being in possession, as messenger, of the goods of an insolvent debtor, for whom the plaintiff had been clerk and salesman, employed the plaintiff to continue to act for him in the same capacity as he had acteu

for the insolvent debtor ; and the plaintiff accordingly continued to make sales as before, taking the whole charge of the business, and paying over the proceeds of the sales each night to the deputy sheriff's keeper. While so employed, a clerk of the defendant, with the defendant's knowledge, asked the plaintiff to give him smaller bills in exchange for one of fifty dollars which the plaintiff did, taking the money from the drawer of the store, and giving the larger bill to the keeper. The larger bill proved to be counterfeit. There was no evidence whether or not the plaintiff had received any release from liability on account of this transaction.

The defendant contended that the plaintiff had no such interest in the subject of the suit as to entitle him to maintain this action ; but the judge ruled otherwise.

The defendant further contended that the plaintiff could not recover, without showing an offer to return the counterfeit bill but the judge found that the bill was utterly worthless, (from the conceded fact that it was counterfeit, and from its appearance, it having been stamped as counterfeit and mutilated,) and ruled that no offer of return was necessary.

The judge accordingly found for the plaintiff, and the defend- ant alleged exceptions.

*H. F. Smith*, for the defendant. The plaintiff had no such interest in the subject as to entitle him to maintain this action. *Driscoll* v. *Nichols*, 5 Gray, 488. *Ludden* v. *Leavitt*, 9 Mass. 104. Story on Agency, §§ 202, 391, 398–416. Chit. Con. (7th Amer. ed.) 609. The defendant was entitled to a return of the bill, so that he might use it as the basis of a claim against the person from whom he received it. *Conner* v. *Henderson*, 15 Mass. 319. *Young* v. *Adams*, 6 Mass. 182. *Gloucester Bank* v *Salem Bank*, 17 Mass. 33, 45. *Perley* v. *Balch*, 23 Pick. 283.

*S. J. Thomas*, for the plaintiff.

BIGELOW, C. J. The facts of this case do not bring it within the familiar principle relied on by the defendant, that a mere agent or servant, with whom a contract, either express or im plied, is entered into in behalf of another, and who has no bene eficial interest in the transaction, cannot support an action

thereon. The plaintiff had possession of money belonging to another, for a special purpose only. His authority was strictly limited. It was confined to the making of sales of goods in the store and the payment of the money received therefor to a third person. He had no authority to deal with the money as his own, or to appropriate it for any purpose whatever. His duty was merely to receive it for goods which he might sell in the course of the day, and to hold it in his possession till the hour for the daily payment of it over to the sheriff's keeper arrived, when he was bound to pay it over to him. Any act or dealing with the money beyond this was outside of the scope of his employment. He had no authority to enter into any con tract concerning the money in his hands, or to exchange it for other money with third persons. An authority to receive the proceeds of sales in a shop did not empower the plaintiff to exchange the money received in small sums for bills of larger denominations with persons who made no purchases of goods No evidence was offered to show any usage of business, either general or special, which would authorize the inference that the plaintiff's authority was extended beyond the precise terms of his employment, so as to embrace a transaction similar to that which he entered into with the defendant's agent.

In this state of the evidence, it is clear that the plaintiff exceeded his authority in exchanging the smaller bills in his possession for one of the denomination of fifty dollars, and he is liable to his employer for the loss occasioned by his unauthorized act. It does not appear that the transaction has been ratified by the principal. For aught that we can know, the plaintiff is still liable for the amount of the genuine bills which he exchanged for the counterfeit one. It cannot therefore be said that the plaintiff has no beneficial interest in the cause of action on which this suit is brought. On the contrary, it plainly appears that his right to recover in this action is the only mode in which he can indemnify himself against the rightful claim of his employer for the loss caused by his abuse of the authority intrusted to him.

The return of the counterfeit note to the defendant is not

essential to the maintenance of this action. It is entirely worthless, and an offer to return it would be an idle ceremony, which the law never requires. *Perley* v. *Balch*, 23 Pick. 283.

*Exceptions overruled.*